# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 8064 | DATE | 12/17/2004 |
| CASE TITLE | Stanley Cosby vs. Dr. Bonngar or Vongar, et al | | |
| MOTION: | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] | | |

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because the Complaint does not survive the initial screening that is called for by 28 U.S.C. §1915A, both the Complaint and this action are dismissed. Cosby is granted leave to proceed without prepayment of the full $150 filing fee, even though he is obligated to pay that fee in installments, with the first installment amounting to $2.35. (3-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 20 2004 date docketed | |
| | Notified counsel by telephone. | | | 6 |
| | Docketing to mail notices. | | rbf docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 12/17/2004 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 2 0 2004

STANLEY COSBY #K90712, )
)
        Plaintiff, )
)
v. ) No. 04 C 8064
)
DR. BONNGAR or VONGAR, et al., )
)
        Defendants. )

MEMORANDUM OPINION AND ORDER

Stanley Cosby ("Cosby") has submitted a self-prepared Complaint,[1] sought to be asserted under 42 U.S.C. §1983 ("Section 1983"), against two defendants affiliated with the South Suburban Council on Alcoholism and Substance Abuse Treatment Center ("Center") in East Hazelcrest, Illinois: Dr. Vonngar or Bonngar, a psychiatrist, and a counselor identified only as "Mr. John." Because the Complaint does not survive the initial screening that is called for by 28 U.S.C. §1915A,[2] both the Complaint and this action are dismissed.

First, however, this Court must address the requirements of Section 1915. In that respect Cosby has coupled his application for in forma pauperis treatment with the required printout of his trust fund account at Western Illinois Correctional Center

---

[1] "Self-prepared" is used in the sense that Cosby has obtained a copy of the form of Complaint made available to persons in custody and has completed the form in handwriting (including a handwritten and detailed Statement of Claim).

[2] All further references to Title 28's provisions will simply take the form "Section--."



("Western Illinois"), where he is presently in custody. This Court has made the calculation called for by Section 1915(b)(1) and finds that the average monthly deposits to Cosby's account there during the six-month period preceding his filing of this action came to $11.74, so that the initial partial filing fee that must be made (20% of that figure) is $2.35.

Accordingly Cosby is granted leave to proceed without prepayment of the full $150 filing fee, even though he is obligated to pay that fee in installments, with the first such installment amounting to $2.35, and the Western Illinois trust fund officer is ordered to collect that partial filing fee from Cosby's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"). After such payment, the trust fund officer at Western Illinois (or at any other correctional facility where Cosby may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Cosby's name and the 04 C 8064 case number

assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Western Illinois trust fund officer.

To turn to Cosby's claim, its fatal flaw is that neither defendant is a "state actor"--someone whose complained-of conduct was "under color of law" so as to be actionable under Section 1983. In that respect, see, e.g., Jarrell v. Chem. Dependency Unit of Acadiana, 791 F.2d 373, 374 (5th Cir. 1986)(per curiam); Ridlen v. Four County Counseling Ctr., 809 F.Supp. 1343, 1352-53 (N.D. Ill. 1992) and cases cited there; Campbell v. Glenwood Hills Hosp., Inc., 224 F.Supp. 27, 30-32 (D. Minn. 1963). That then calls for dismissal of this action under Section 1915A(b)(1) because the Complaint "fails to state a claim upon which relief may be granted." In that respect, what this Court has just ruled is entirely consistent with the response that Cosby received from the Illinois Attorney General a full year ago (a photocopy of her December 23, 2003 letter is attached to this opinion), in which Cosby was advised that the Center "is a private entity as opposed to a state entity."

Finally, it may be noted that the disposition of this action on the ground already stated obviates any need to address what appears to be a difficult limitations issue. According to Cosby the complained-of occurrence took place on December 6, 2002, and Cosby did not mail the Complaint and associated papers to this

3

District Court until December 6, 2004, so that they arrived here more than two years after his asserted claim arose. That being so, the situation poses a troublesome question as to whether Cosby is or is not entitled to the benefit of the "mailbox rule" in Houston v. Lack, 487 U.S. 266 (1988) under the circumstances that he describes in his contemporaneous letter to the Clerk of this District Court. Fortunately no resolution of that potential issue is required.

To return to the dismissal that has been ordered here, it is obviously without prejudice to Cosby's ability to advance his claims against the individual defendants in a state court of competent jurisdiction, rather than under Section 1983. This Court expresses no view as to the substantive viability under state law of any claims that might be so advanced.

                                              Milton I. Shadur
                                              Senior United States District Judge

Date: December 17, 2004



# OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

**Lisa Madigan**
ATTORNEY GENERAL

December 23, 2003

Mr. Stanley Cosby
K90712
Hill Correctional Center
P.O. Box 1700
Galesburg, IL 61401

Dear Mr. Cosby:

    This will acknowledge receipt of your correspondence to the Office of the Attorney regarding the South Suburban Council on Alcoholism and Substance Abuse.

    Noting that you have previously filed documents with the Illinois Court of Claims, our office has no record of receiving any correspondence regarding this matter. Moreover, it is important to highlight that the Illinois Court of Claims was established as the forum of specific jurisdiction to decide the monetary claims and lawsuits against the State, with the exception of workers' compensation claims and federal claims. I fail to recognize a jurisdictional basis for the Court of Claims to exercise in your claim against the South Suburban Council on Alcoholism and Substance Abuse since this is a private entity as opposed to a state entity. Therefore, the question remains if the Illinois Court of Claims is the appropriate forum to hear your claim against the South Suburban Council on Alcoholism and Substance Abuse.

                          Professionally yours,

                          Martin Green
                          Executive Assistant Attorney General